```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

RAYVON L. BOATMAN,

                  Plaintiff,

vs.                                   Case No.  2:10-cv-743-FtM-29DNF

T. BUDZ, G. EMANOILIDIS, AND R.
LAWRENCE,

                  Defendants.
_____
```

### ORDER

This matter comes before the Court upon review of Plaintiff's Motion for a Temporary Restraining Order (Doc. #34, Motion), filed November 16, 2011. Plaintiff, who is civilly confined at the Florida Civil Commitment Center ("FCCC"), has a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) pending before the Court. The Complaint asserts a Fourteenth Amendment claim stemming from the Defendants' alleged failure to protect Plaintiff from an attack by another resident. See generally Complaint.

In the Motion *sub judice*, Plaintiff cites to a litany of complaints about the conditions of his current confinement at the FCCC, including allegations that the Defendants are: retaliating and discriminating against Plaintiff for filing the instant action; prohibiting Plaintiff from filing grievances; improperly denying Plaintiff "moral recognition therapy" and treatment; harassing Plaintiff; permitting other residents to roam the facility; fabricating reports against the Plaintiff; and denying Plaintiff

access to medical.  Id.  As relief, Plaintiff requests that the Court order "an injunction and/or preliminary injunction and temporary restraining order . . . to protect the rights of Plaintiff and to legally end and put a stop to the ongoing build [sic] violations." Id. at 5.

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Additionally, before the Court may grant either a temporary restraining order or a preliminary injunction, the movant must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Further, under M.D. Fla. R. 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[1]  Additionally, the movant

---

[1] Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues:  (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing
(continued...)

is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so that the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. M.D. Fla. R. 4.06(b)(3).

At the outset, it is clear that Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or M.D. Fla. R. 4.05(b). Plaintiff has **not** demonstrated a threat of an immediate and irreparable injury or loss, nor has he posted security, or explained why security should not be posted. Further, Plaintiff provides only generalized consclusory allegations and does not provide any facts in support of any of his allegations. Moreover, Plaintiff has not established the four prerequisites mandated by the Eleventh Circuit to warrant the issuance of either a temporary restraining order or preliminary injunctive relief. <u>Parker v. State Bd. of Pardons & Paroles</u>, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam), <u>cert. denied</u>, 534 U.S. 1072 (2001). <u>Wall v. Ferrero</u>, 142 F. App'x 405 (11th Cir. 2005). Additionally, to the extent that Plaintiff contends that the conditions of his confinement violate his constitutional rights, Plaintiff is required to file a new civil rights complaint as the

---

[1](...continued)
parties or others if the order is issued; and (iv) the public interest, if any." Local Rule 4.06(b)(1) requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

generalized allegations contained in the instant Motion do no relate to claims raised in this action currently pending before the Court.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiff's Motion For a Temporary Restraining Order (Doc. #34) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this 17th day of November, 2011.

 JOHN E. STEELE
 United States District Judge

SA: hmk
Copies: All Parties of Record